**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**IN RE: TERM COMMODITIES FUTURES LITIGATION** — **MISC. ACTION NO. 4:26-mc-1-RP**

# OPINION AND ORDER

In this miscellaneous action, Louis Dreyfus Company, B.V., Louis Dreyfus Company Cotton LLC, Louis Dreyfus Company Holding Inc., Term Commodities, Inc., Louis Dreyfus Company LLC, and Joseph Nicosia ("Petitioners") have moved pursuant to Federal Rule of Civil Procedure 45 to compel Staple Cotton Cooperative Association ("Staplcotn") to comply with a subpoena. ECF 1. Staplcotn opposes the motion. The court finds the motion is not well taken and should denied.

## Procedural Background

Petitioners are defendants in a class action brought in the U.S. District Court for the Southern District of New York by named cotton and cotton futures traders seeking the recovery of damages for losses sustained allegedly as a result of Petitioners' manipulation of the cotton futures market in 2011. The trial court authorized the defendants in that case – Petitioners here – to conduct certain targeted discovery of non-party class members such as Staplcotn, a cotton marketing cooperative located in Greenwood, Mississippi. To that end, Petitioners caused a subpoena to be issued from the trial court and served it on Staplcotn, commanding Staplcotn to appear for a deposition and produce documents on the specified date and time at an address in New York, New York. In response, Staplcotn produced some documents and discussed with Petitioners the possibility of conducting the deposition via Zoom, but ultimately Staplcotn informed Petitioners through class counsel that Staplcotn had produced all responsive documents

and that it did not intend to appear for a deposition. The present action to enforce the subpoena followed.

Petitioners seek an order compelling Staplcotn to produce additional documents and to appear for a deposition. However, because this court is not the court for the district where compliance with the subpoena is required, this court lacks authority to grant Rule 45 relief, and Petitioners' motion must be denied.

**Law and Analysis**

Federal Rule of Civil Procedure 45(d)(2)(B) provides that a person commanded by a subpoena to produce documents for inspection may object by serving a written objection before the earlier of the time specified for compliance or 14 days after the subpoena is served. Here, Petitioners and Staplcotn dispute whether Staplcotn timely objected to the subject subpoena. However, in any event, Rule 45 affords Petitioners no avenue for relief in this court.

If an objection is made, then under Rule 45(d)(2)(B)(i) – the provision cited by Petitioners in support of their motion – "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Here, the subject subpoena requires compliance at an address in New York, New York, which lies outside the Northern District of Mississippi. Therefore, this court is not the proper forum for Petitioners' motion.

Citing no authority in support, Petitioners assert that the place of compliance issue is cured by Staplcotn's request that the deposition be held by Zoom. The court is unpersuaded. While the parties to a subpoena are free to agree to a manner and a place of compliance of their choosing, for enforcement purposes the court for the district "where compliance is required" is determined by the place for compliance identified on the face of the subpoena. *CSS, Inc. v.*

*Herrington*, 354 F.Supp.3d 702, 709 (N.D. Tex. 2017); *see also Capana Swiss Advisors, AG v. Rymark Inc.*, Misc. No. 25-153, 2025 WL 549357, at *5 n.15 (E.D. La. Feb. 19, 2025) (stating majority view and collecting cases).

If, as Petitioners contend, Staplcotn made no timely objection, then Petitioners' recourse is found in Rule 45(g), which authorizes the court for the district "where compliance is required" (or the issuing court after a motion is transferred) to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Petitioners request no such relief in their motion, nor is this court the proper forum for such a request.

As an alternative to compelling Staplecotn's compliance with the subpoena, Petitioners ask the court to transfer Petitioners' motion to the issuing court pursuant to Rule 45(f), which authorizes a court "where compliance is required" but which did not issue the subpoena to transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances, which Petitioners assert are present here. "But, where this Court is neither 'the issuing court' nor 'the court for the district where compliance is required,' this Court has no authority to transfer the motion by Rule 45(f)'s terms and where the motion is not properly before this Court in the first instance." *Paso Del Norte Motors, LP v. Kia Motors of America, Inc.*, No. 315-cv-2672-M, 2015 WL 4939948, at *3 (N.D. Tex. Aug. 19, 2015). *See also Capana Swiss Advisors, AG,* 2025 WL 549357, at *7 ("And while Rule 45(f) provides that the court may transfer a Rule 45(d) motion to the issuing court, it provides no authority for a court to transfer the motion when that court is *neither* the court where compliance is required *nor* the issuing court.") (emphases in original) (footnotes omitted); *Schnelle v. Swift Technical Services LLC,* No. 4:21-mc-02466, 2022 WL 705873, at *2 (S.D. Tex. Mar. 9, 2022) (stating question of which court has power to hear or transfer subpoena-

related motion is determined by location identified on subpoena); *SynQor, Inc. v. Vicor Corporation*, No. 3:14-mc-79-D-BN, 2014 WL 2519242, at *2 (N.D. Tex Jun. 3, 2014) (denying request to transfer motion to quash deposition subpoenas "because the motion was filed in a court that is neither the court where compliance is required nor the issuing court," and "Rule 45(f) therefore provides no authority for this Court to transfer" the motion).

**Conclusion**

Because this court lacks authority to grant any Rule 45 relief in this matter, Petitioners' motion is DENIED without prejudice to their ability to seek relief in the proper court, and this miscellaneous action is DISMISSED for lack of jurisdiction.

SO ORDERED AND ADJUDGED, this, the 20th day of November, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE